# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2598 | **DATE** | May 25, 2011 |
| **CASE TITLE** | Belton Smith (#2007-0050603) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Defendants Dart, Curry, Miller, and Hart are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Yu, Fowler, and Reynolds, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]        **Docketing to mail notices.**

## STATEMENT

Plaintiff, Belton Smith, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on June 11, 2011, he collapsed and was found to have low blood pressure. He alleges he was taking medication prescribed for him by prison medical personnel for blood pressure issues. He further alleges that when he collapsed he hurt his knee. In spite of making repeated complaints regarding th pain in his knee, Defendants provided only cold compresses and pain medication, insisting that Plaintiff's knee was merely sprained. When his leg was finally x-rayed, on the orders of a non-defendant doctor, Plaintiff was diagnosed with a healing fracture. He further alleges that, although he attempted on multiple occasions to seek medical care from Defendants Yu, Fowler, and Reynolds for the injury, he suffered terrible pain, never having received adequate medical care from them. Plaintiff names Cook County Sheriff Tom Dart, Superintendents Curry and Miller, Medical Director Avery Hart, but makes no specific allegations against them.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $7.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

# STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act for deliberate indifference to a serious medical need against Defendants Yu, Fowler, and Reynolds. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006).

However, Plaintiff has failed to state a cause of action against Defendants Dart, Curry, Miller, and Hart. Plaintiff seemingly makes his claims against these Defendants in their supervisory capacity. Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendants Dart, Curry, Miller, and Hart hold supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendants Dart, Curry, Miller, and Hart were personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against them. Consequently, Defendants Dart, Curry, Miller, and Hart are dismissed as Defendants from this case.

The Clerk shall issue summonses for service of the complaint on Defendants Yu, Fowler, and Reynolds (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and **(CONTINUED)**

| STATEMENT |
|---|

the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. His claims have been stated in a manner sufficient to satisfy the requirements of FED. R. CIV. P. 8(a) and the law governing conditions of confinement cases is well developed and clear.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for him at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.