Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2598 | **DATE** | 11/21/12 |
| **CASE TITLE** | Belton Smith (#453574 ) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to amend his complaint [68] is denied as moot, as Plaintiff was given leave to submit a proposed amended complaint on October 1, 2012. However, on review pursuant to 28 U.S.C. §1915A, the Court determines that Plaintiff fails to state a cause of action against Defendants Dart, Miller, and Cermak Health Services. As Plaintiff raises the same claims against the same Defendants in his original complaint, the amended complaint is unnecessary and duplicative. Plaintiff may proceed with his original complaint.

■ [For further details see text below.]                                                     Docketing to mail notices.

## STATEMENT

Plaintiff, presently in custody at Kankakee-JCDC, has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that Defendants have violated his rights by subjecting him to deliberate indifference to a serious medical condition. More specifically, Plaintiff alleges that while incarcerated at the Cook County Jail, he had ongoing difficulty obtaining adequate health care for his blood pressure, and for a fractured knee. Plaintiff alleges deliberate indifference on the part of Dr. Yu, P.A. Fowler, and Nurse Reynolds. In Plaintiff's proposed amended complaint, he attempts to reinstate Defendants who were previously dismissed: Cook County Sheriff Tom Dart; Superintendent Miller (Mueller); and Cermak Health Services.

Plaintiff has filed a motion for leave to submit a proposed amended complaint. The motion is denied as Plaintiff was given leave by Magistrate Judge Arlander Keys on October 1, 2012, to submit a proposed amended complaint. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff has made the same allegations of deliberate indifference as to all Defendants as he did in his original complaint. However, his allegations against Defendant Dart, Miller and Cermak Health Services fail.

Plaintiff has failed to state a cause of action against Defendant Dart. Plaintiff makes his claims against him in his supervisory capacity. Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The mere fact that Defendant Dart holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v.*
**(CONTINUED)**

AWL

| STATEMENT |
|---|

*Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

With respect to Defendant Miller, Plaintiff has pled not that he received *no* medical care, but that the care that he received was inadequate. Miller is an administrator at the Cook County Jail. Plaintiff has attached grievances to the Complaint that indicate that Defendant Miller signed off on the response to the grievances. In *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), the U.S. Court of Appeals for the Seventh Circuit affirmed the dismissal of grievance officials whose only role was to forward grievances to the health care unit for resolution, and whom the plaintiff could not reasonably blame for any deficiencies on the part of the medical staff. As Plaintiff alleges some care, and Defendant Miller's only involvement was to approve the response to the grievance, Plaintiff has failed to state a claim against him.

Plaintiff named Defendants Dart and Miller in his original complaint, and they were dismissed for the same reasons given in this order. The only additional information provided by Plaintiff relates to a report done by the U.S. Justice Department regarding the quality of care provided to detainees at the Cook County Jail in 2008. While Plaintiff does not make any allegations of personal involvement by Sheriff Dart, or Superintendent Miller in the alleged inadequate medical care he does refer generally to a 2008 U.S. Justice Department report to infer their knowledge of Plaintiff not receiving adequate care. However, Defendants' knowledge that Plaintiff was not receiving adequate care for his issues with his blood pressure and knee, cannot be inferred from the 2008 report. Consequently, Plaintiff has not successfully stated a claim for deliberate indifference against either Defendant Dart or Miller.

Additionally, Plaintiff names Cermak Health Services as a Defendant in his proposed amended complaint. Cermak Health Services is not a not suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, Plaintiff may not proceed against Cermak Health Services as a Defendant in this case.

After reviewing Plaintiff's proposed amended complaint, it becomes clear that he has stated the same deliberate indifference claim against the same three Defendants as in his original complaint, and has not cured any of the Defects in attempting to reinstate Defendants Dart and Miller. Consequently, the Court determines that Plaintiff's proposed amended complaint is unnecessary and duplicative of his original complaint. Accordingly, the Clerk is directed to strike the proposed amended complaint from the docket. Plaintiff may proceed on his original complaint.